Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

CAUSE NO. C-1868-24-C

| | | |
|---|---|---|
| DIANA GUAJARDO,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | OF |
| LINCOLN NATIONAL CORPORATION d/b/a<br>LINCOLN FINANCIAL GROUP,<br>Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DIANA GUAJARDO**,** hereinafter Plaintiff, and files this, Plaintiff's Original Petition complaining of LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP hereinafter referred to by name or as "Defendant" and for cause would show unto the court and the jury the following:

## I. **Discovery Control Plan**

1.1. Plaintiff alleges that this suit should be governed by Level 2 of the Discovery Control Plan as required under Rule 190.1, Texas Rules of Civil Procedure. Plaintiff seeks the recovery of damages in an amount greater than $250,000, but less than $1,000,000.

## II. **Parties**

2.1. Plaintiff is and individual and resident of the State of Texas and Hidalgo County, Texas.

2.2. Defendant, LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP, is a foreign insurer domiciled in Indiana, but conducts business and issues policies in Texas and may be served in this cause through its registered agent:

**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701-3218**

EXHIBIT
**A-2**

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



## III. Jurisdiction and Venue

3.1. The relief and damages as set forth in this petition are within the jurisdictional limits of this Court.

3.2. Venue is proper in Hidalgo County, Texas in that all or a substantial part of the acts and/or omissions giving rise to this claim occurred in Hidalgo County, Texas and Hidalgo County, Texas is the county of residence of the victims.

3.3. All conditions precedent for bringing this lawsuit have been performed, waived or have occurred.

## IV. Factual Background

4.1. Plaintiff is the owner of a group disability insurance policy issued by Defendant. The policy provides for both short-term and long-term disability coverage. At all times relevant, Plaintiff was employed and Plaintiff purchased the subject disability policy through her employer at the time, **IDEA Public Schools**. The Claim Number at issue herein was **15176288**.

4.2. On both September 26, 2021 and October 6, 2021 Plaintiff was hospitalized and underwent surgery for small intestine obstruction. As a result, Plaintiff has been diagnosed with Short Bowel Syndrome and suffered persistent and uncontrollable diarrhea between 6-10 times a day. Plaintiff was employed as a school counselor.

4.3. Plaintiff's lack of bowel control has caused her multiple embarrassing incidents, especially at work in the presence of students, parents, and colleagues during meetings and daily tasks. Plaintiff has also experienced fainting spells while at work. As a result of her condition Plaintiff has suffered from dehydration, severe fatigue, and malnutrition. She has also suffered extreme

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



anxiety, depression, and insomnia that have gotten worse as Plaintiff's condition has deteriorated.

4.4. On January 4, 2024 Plaintiff was instructed by her primary care provider to stop working due to her worsening symptoms. Plaintiff worked part of the workday on January 5, 2024 to tie up loose ends at her office, but has not been able to return to work since that date. On April 4, 2024 Plaintiff's employer terminated her employer because they could not provide her accommodations and she could not get a return to work letter from her doctor that did not include restrictions and accommodations. Thereafter Plaintiff applied for short-term disability benefits through Defendant, but her claim was denied because Defendant contended Plaintiff did not meet the definition of "disabled" as defined in the subject policy. As a result of that denial, Plaintiff is precluded from filing a claim for long-term disability benefits under the policy. From September 26, 2021 (the date of Plaintiff's first surgery) through April 4, 2024 (Termination date), Plaintiff was absent for work on 225 days due to her illness.

4.5 Defendant had previously approved Plaintiff's two prior claims for short-term disability. The first being from October 2, 2021 through November 6, 2021 and the second period running from January 28, 2023 through April 16, 2023. The prior claims also concerned Plaintiff's

4.6. Plaintiff made all premium payments required under the policy and has complied with all the requirements for obtaining policy benefits. Defendant has failed to conduct an adequate investigation of Plaintiff's claim for benefits. Defendant has failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the referenced policies. Defendant failed and refused to pay under the policies although due demand was made for proceeds to be paid

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.

4.7. Defendant misrepresented to Plaintiff that his disability was not covered under the respective policies, even though Plaintiff was fully disabled, unable to work and should have immediately begun to receive policy payments. Defendant's conduct constitutes a violation of the Texas Insurance Code Sec. 541.060(a)(1).

4.8. Defendant failed to make a reasonable attempt to settle Plaintiff's claim in a fair manner, although Defendant was aware of its liability to Plaintiff under the policy. Defendant's conduct constitutes a violation of Texas Insurance Code Sec. 541.060(2)(A).

4.9. Defendant failed to provide any reasonable explanation for its denial of Plaintiff's claims in violation of Texas Insurance Code Sec. 541.060(a)(3).

4.10. Defendant failed to either reject or deny Plaintiff's claims within a reasonable time in violation of Texas Insurance Code Sec. 541.060(a)(4).

4.11. Defendant failed to perform a reasonable investigation of Plaintiff's claims, and instead performed an outcome-oriented investigation which resulted in a biased, unfair and inequitable evaluation of Plaintiffs claims and is in violation of Texas Insurance Code Sec. 541.060(a)(7).

4.12. Defendant failed to timely acknowledge Plaintiffs claim, to undertake an investigation of Plaintiff's claims and to request all information reasonably necessary to investigate Plaintiff's claims in violation of Texas Insurance Code Sec. 542.055.

4.13. Defendant failed to accept or deny Plaintiffs claims within the statutory mandated deadline of receiving all necessary information in violation of Texas Insurance Code Sec. 542.056.

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



4.14. From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the claims in full in accordance with the terms of the respective policies was reasonably clear and Defendant has refused to pay Plaintiff under the terms of the respective policies despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment. Said conduct on part of Defendant constitutes a breach of the common law duty of good faith and fair dealing.

4.15. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the services of the attorneys who are representing Plaintiff with respect to these causes of action.

4.16. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of disability claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the Defendant company at the expense of policyholders such as Plaintiff.

## V. DEFENDANT'S LIABILITY

5.1. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

A. Breach of Duty of Good Faith and Fair Dealing

5.2 Defendant had a duty to act in good faith and to deal fairly with Plaintiff in connection with Plaintiff's claim for benefits under the respective disability insurance policies. Defendant failed to conduct a prompt and reasonable investigation of Plaintiff's claim and failed to pay benefits to Plaintiff when in the exercise of reasonable diligence Defendant knew or should have known that it was liable to pay Plaintiff's claims. As a proximate result of Defendant's

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



tortuous conduct, Plaintiff has sustained damages in an amount exceeding the minimal jurisdictional limits of this court.

B. Breach of Contract

5.3. The insurance policy in question issued by Defendant constitutes a written contract, the terms of which were to be fulfilled by both parties. All premiums were paid as per the terms of the contract. Under the terms of the contract and insurance policy Defendant provided insurance coverage to Plaintiff for the risk and perils contained within the policy. The subject policies specifically provided coverage that was to pay benefits in the event Plaintiff suffered a short-term and/or long-term disability. Plaintiff complied with all the duties required of Plaintiff under the contract. Defendant has breached its contractual obligations and promises made under the insurance policy by failing to provide Plaintiff with coverage claim. As a result of Defendant's breach of the contract, Plaintiff has sustained damages and has incurred attorney's fees.

C. Violation of Section 542, Texas Insurance Code

5.4. Within the timeframe required after the receipt of actual or written notice of Plaintiff's claims, Defendant did not request from Plaintiff any items, statements, or forms that it reasonably believed at the time would be required from Plaintiff. As a result, Defendant has violated Sec. 542, Texas Insurance Code by failing to accept or reject Plaintiff's claim in writing within the statutory time frame.

D. Violations of Sec. 541, Texas Insurance Code

5.5. By its acts, omissions, failures and conduct as described herein Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Sec.

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



541, Texas Insurance Code. Specifically, Defendant is guilty of the following unfair insurance practices:

a. Engaging in false, misleading, and deceptive acts or practices in the business if insurance;

b. Engaging in unfair claims settlement practices;

c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time;

f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the said claims;

g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the for the denial of a claim.

5.6 Further, Defendant was in violation of the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

5.7. Each of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



**ERISA Claim.**

5.8. The health plan in question is governed under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq. and pursuant to ERISA §514, all state laws that relate to any employee benefit plan are preempted.

**Statement of Claim**

5.9. Plaintiff is the beneficiary of a group disability policy issued by Defendant. The policy in part provides for long-term disability benefits. Plaintiff obtained this insurance coverage through his employer. Generally, the policy provides long-term disability benefits beyond two-years if the beneficiary is unable to work in any field.

5.10. Plaintiff was determined to be disabled and unable to perform her required job functions shortly after her surgeries in the Fall of 2021. Thereafter Plaintiff on two occasions received monthly short-term disability benefits pursuant to the plan terms.

5.11. Thereafter when Plaintiff was advised on January 4, 2024 that she could not return to work, she then applied for short-term benefits in order for her to eventually qualify for long-term benefits as is required by the policy. Plaintiff's application for short-term benefits was denied on February 28, 2024 Plaintiff then appealed that decisions pursuant to the terms of the plan. In correspondence from Defendant Plaintiff was advised that the appeal was unsuccessful. Plaintiff has complied with all administrative requirements regarding the appeal.

5.12. Notwithstanding Defendant's determination, Plaintiff contends that she is disabled, that she is unable to engage in any gainful occupation and that Defendant's denial of her disability benefits was wrongful under the law and under the terms of the policy.

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



**Relief**

5.13. Plaintiff seeks relief under ERISA §502(a)(1)(B). Plaintiff has standing in that he is a beneficiary under the plan.

5.14. Plaintiff has properly made a claim for benefits, plaintiff has exhausted the plan's administrative appeals process, plaintiff is entitled to continuing long-term disability benefits and plaintiff has been denied the benefits that he is entitled to.

5.15. Plaintiff seeks to recover benefits owed under the terms of the plan, attorney's fees and equitable relief. Plaintiff requests a trial *de novo* in the district court.

## VI. **Respondeat Superior**

6.1. Each act or omission committed by any employee or agent of Defendant was committed during the course and scope of that employee's or agent's employment with Defendant and thus Defendant is liable for said acts or omissions under the theory of *respondeat superior.*

## VII. **WAIVER AND ESTOPPEL**

7.1. Defendant has waived and is stopped form asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation o rights letter to Plaintiff.

## VIII. **DAMAGES**

8.1. Plaintiff seeks the recovery of actual damages in the amount she should have received under the policy of insurance described herein. Plaintiff further seeks the recovery of consequential damages from Defendant's breach of contract. Plaintiff is entitled to recover the amount of her claim plus an 18% per annum penalty on that claim as damages under Sec. 542, Texas Insurance Code, plus prejudgment interest and attorneys fees.

8.2. Plaintiff seeks further additional damages under Sec. 541, Texas Insurance Code.

Electronically Filed
4/22/2024 2:43 PM
Hidalgo County District Clerks
Reviewed By: Juan Galvan



Plaintiff seeks the recovery of Exemplary Damages in an amount to be determined by the jury.

8.3. Plaintiff seeks the recovery of attorney fees pursuant to the provisions of Chapter 38, Texas Civil Practices & Remedies Code, Sec. 541 and Sec. 542, Texas Insurance Code.

## VIX. **Prayer**

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer herein. By reason of the above and foregoing, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court. Plaintiff requests the awarding of pre-judgment and post-judgment interest at the maximum rate allowed by law. Plaintiff seeks the recovery of judgment against Defendant for Plaintiff's actual damages in an amount that the jury considers fair in their best judgment, for additional damages as provided by statute, for attorney fees as provided by law, for cost of court, and for such other relief, both in law and in equity, to which Plaintiff may be entitled. Plaintiff requests exemplary and punitive damages.

RESPECTFULLY SUBMITTED,

**DAVIS LAW, P.C.**
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
Telephone (956) 540-7807

By: *Timothy A. Davis*
Timothy A. Davis
Texas Bar No. 00790570
timm@tdavislawpc.com

ATTORNEY FOR PLAINTIFF

Electronically Filed
4/23/2024 8:44 AM
Hidalgo County District Clerks
Reviewed By: Jacob Lomas

# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

* When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

Laura Hinojosa

Laura Hinojosa
Hidalgo County District Clerk

**C-1868-24-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

---

**CITATION**

---

**THE STATE TEXAS**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**LINCOLN NATIONAL CORPORATION**
**D/B/A LINCOLN FINANCIAL**
**REGISTERED AGENT: CORPORATION SERVICE CO.**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TX 78701-3218**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 139th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 22nd day of April, 2024 and a copy of same accompanies this citation. The file number and style of said suit being, **C-1868-24-C, DIANA GUAJARDO VS. LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP**

Said Petition was filed in said court by Attorney TIMOTHY A. DAVIS, 1320 N 10th ST STE 140 McAllen TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 23rd day of April, 2024.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

______________________________
**JACOB LOMAS DEPUTY CLERK**

DISTRICT COURT, HIDALGO COUNTY
T E X A S

**CERTIFIED MAIL 9214 8901 0661 5400 0195 2824 09**

**CERTIFICATE OF RETURN**
**UNDER RULES 103 T.R.C.P.**

This is to certify that on this the 23rd day of April, 2024 I, Jacob Lomas, Deputy Clerk of the 139th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-1868-24-C, DIANA GUAJARDO VS. LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the ____ day of _____________, 201___ (or unserved for the reason on the certificate return) __________________________.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 23rd day of April, 2024.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

____________________________________
**JACOB LOMAS, DEPUTY CLERK**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is ________________________________, my date of birth is _______________ and the address is ___________________________________,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _________County, State of Texas, on the _____ day of ____________, 20_____.

______________________________
**Declarant"**

_________________________________
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

LINCOLN NATIONAL CORPORATION
211 E 7TH STREET STE 620
AUSTIN TX 78701