**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| DIANA GUAJARDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:24-cv-00203 |
| | § | |
| THE LINCOLN NATIONAL LIFE, INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS**
**PLAINTIFF'S ORIGINAL PETITION AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") files this Motion to Partially Dismiss Plaintiff's Original Petition and Brief in Support.

## I.
## GROUNDS FOR THE MOTION

In Plaintiff's Petition (the "Petition"), Plaintiff seeks recovery of disability benefits from Defendant and asserts state law causes of action of breach of the duty of good faith and fair dealing, breach of contract, and violations of the Texas Insurance Code. Additionally, Plaintiff asserts a claim for recovery of benefits under ERISA. (Petition ¶5.8 – 5.15.) However, and as admitted by Plaintiff (Petition ¶5.8), Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA"). Accordingly, the allegations pled in the Petition in support of Plaintiff's state law claims, even if taken as true,[1] are insufficient to support the relief requested by Plaintiff. Moreover, Plaintiff has

[1] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Defendant does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

demanded a trial by jury in this action, but jury trials are not available in actions for claims for recovery of benefits under ERISA.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Petition for failure to state a claim upon which relief can be granted.[2] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[3] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[4] Plaintiff has failed to meet this burden with regard to the Petition and it must be dismissed.

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Olsen v. General Dynamics Corp.*, 960 F.2d 1418, 1423 (9th Cir. 1991); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holiday*, 49 U.S. 52, 58 (1990).

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *E.g., Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[4] *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the Petition as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)(holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

It is evident from the Plaintiff's Petition and Plaintiff's inclusion of an ERISA claim in the Petition that the disability plan at issue is an ERISA plan.[5] Further, the only conduct of Defendant about which Plaintiff complains in the Petition is Defendant's denial of Plaintiff's disability benefits under the plan and the administration of her claim for benefits under the plan.[6] Therefore, it is clear that the Court must refer to the relevant ERISA plan documents in assessing the state law causes of action asserted by Plaintiff in the Petition of breach of the duty of good faith and fair dealing, breach of contract, and violations of the Texas Insurance Code.[7] Thus, Plaintiff's state law causes of action directly "relates to" the disability plan and is preempted. *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts state law causes of action such as the breach of contract cause of action asserted by Plaintiff. *See, e.g., Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *Light v. Blue Cross and Blue Shield of Alabama, Inc.*, 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); *Metroplex Infusion Care, Inc. v. Lone Star Container Corp.*, 855 F. Supp. 897, 900 (N.D. Tex. 1994); *Hermann Hosp. v. MEBA Medical & Benefit Plan*, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); *Ramirez v. St. Anthony Hotel*, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Insurance Code causes of action preempted).

---

5 *See* Petition at ¶¶ 4.1 and 5.8. Plaintiff's admissions and allegations in the Petition clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); *Memorial Hosp. Sys. V. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

6 Petition at ¶¶ 4.4-4.16.

7 Petition at ¶¶ 5.2-5.7.

Additionally, as reflected by the Petition, Plaintiff's state law causes of action are in the nature of a Petition "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Petition are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### D. COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION

It is black-letter law that Congress did not provide for compensatory or punitive damages under ERISA. *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *Weir v. Federal Asset Disposition Assn.'*, 123 F.3d 281, 290 (5th Cir. 1997); *see Godfrey v. BellSouth Telecommunications*, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, the Court should strike Plaintiff's demand for such relief, with prejudice.

### E. THE JURY TRIAL SOUGHT BY PLAINTIFF IS NOT AVAILABLE IN THIS ACTION AND MUST BE STRICKEN

Additionally, Plaintiff has demanded a jury in this action. However, trial by jury is not available in actions to recover benefits from an ERISA Plan pursuant to 29 U.S.C. § 1132(a)(1)(B). *Calmia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994). Accordingly, Plaintiff's demand for a jury trial must be stricken by the Court.

## III.
## REQUEST FOR RELIEF

Defendant requests the Court dismiss the state law breach of contract cause of action in Plaintiff's Original Petition with prejudice, dismiss Plaintiff's request for compensatory and punitive damages, strike Plaintiff's demand for a jury in this action, award Defendant its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Defendant any other relief to which it shows itself justly entitled.

Dated: May 27, 2024.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timothy A. Davis
Email: timm@tdavislawpc.com

May 27, 2023 — /s/ Iwana Rademaekers
Date — Iwana Rademaekers